UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN B. MYLES,

    Petitioner,

v.                        CAUSE NO.: 3:19-CV-458-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

John B. Myles, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2008 conviction in Lake County for armed robbery and criminal confinement under cause number 45G01-0701-FB-00007. (ECF 1.) For the reasons stated below, the court denies the petition.

## I.     BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). Mr. Myles bears the burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts underlying Mr. Myles's conviction as follows:

> On October 4, 2006, Cindy Allbritten was working as a store manager at Walgreens in Schererville. When Cindy arrived for work at approximately 7:30 a.m., fellow employee Anita Walker was already there. As Cindy was opening the door, a man approached Cindy and Anita, pointed a gun at them, and ordered them to enter the store office. When Cindy looked at the man's face, he told her, "Don't look at me, or I'll kill you." The man then instructed Cindy to open the store safe at gunpoint. Cindy opened the safe and removed

> approximately $2200. The man then handcuffed Cindy and Anita so that they were face down on the floor. As the man bagged the money, he told Cindy and Anita several times, "Don't turn around or I'll kill you." The man left Walgreens. Another employee arrived approximately fifteen minutes later, found the women on the floor, and called the police.
>
> Police officers arrived on the scene about five minutes later and removed the handcuffs from Cindy and Anita. The police were able to lift fingerprints from the handcuffs. Cindy described the robber as a dark-skinned, African–American male in his sixties with a medium build. She said he was wearing a black hat and a long, black trench coat. Anita similarly described the man as a dark-skinned, African–American male in his sixties with pockmarked skin and a medium build. She also said he was wearing a hat and a dark jacket.
>
> In January 2007, both Cindy and Anita identified Myles in a photo array as the man who had robbed Walgreens and handcuffed them. Also in January 2007, a search warrant was obtained and executed for Myles' apartment. Police officers found U.S. currency totaling $2920. In January 2008, the Indiana State Police Lab matched Myles' fingerprints to a print taken from the handcuffs.
>
> The State charged Myles with Class B felony robbery, two counts of Class B felony criminal confinement, and two counts of Class D felony criminal confinement. The State also alleged that Myles was a habitual offender. Following a jury trial, Myles was found guilty as charged. Myles then pled guilty to being a habitual offender.

Myles v. State, 900 N.E.2d 507 (Table), 2008 WL 5387087, at *1 (Ind. Ct. App. Dec. 29, 2008) (internal citations omitted). He was sentenced to an aggregate term of 42 years in prison. *Id.*

On direct appeal, he argued that the trial court erred in admitting certain evidence. Myles v. State, 2008 WL 5387087, at *2-*3. The Indiana Court of Appeals found any error to be harmless in light of the substantial, independent evidence of Mr. Myles's guilt. *Id.* The court therefore affirmed Mr. Myles's conviction in all respects. *Id.* at *4. He didn't file a petition to transfer to the Indiana Supreme Court.

In October 2009, Mr. Myles filed a state post-conviction petition, which he later amended.[1] The state court denied the petition after an evidentiary hearing. On appeal, Mr. Myles argued that his trial counsel was ineffective on various grounds, and that the post-conviction judge committed numerous procedural errors. Myles v. State, 102 N.E.3d 350 (Table), 2018 WL 2227880, at *1 (Ind. Ct. App. May 16, 2018). The Indiana Court of Appeals found no merit to these arguments and affirmed the denial of post-conviction relief. *Mr. Myles* filed a petition to transfer to the Indiana Supreme Court, arguing: (1) the Indiana Court of Appeals "erred in its assessment of the facts" in rejecting his ineffective-assistance claims; (2) the Indiana Court of Appeals erred in concluding that the post-conviction judge wasn't biased against him; and (3) the Indiana Court of Appeals erred in denying his ineffective-assistance claim based on counsel's failure to "challenge the warrantless seizure of his two vehicles." The Indiana Supreme Court denied transfer.

Mr. Myles then filed this federal habeas corpus petition raising the following claims: (1) his trial counsel was ineffective in failing to investigate the circumstances surrounding his arrest; (2) his trial counsel was ineffective in failing to have his arrest quashed; (3) his trial counsel was ineffective in failing

---

[1] During this same time period, Mr. Myles was separately convicted of a robbery of a Walgreens store in Hammond, Indiana, under cause number 45G01-0701-FB-0008. See Myles v. State, 102 N.E.3d 350 (Table), 2018 WL 2227880, at *1 (Ind. Ct. App. May 16, 2018). Mr. Myles sought post-conviction relief in both cases, and the cases were consolidated for hearing and appeal. *Id.* Mr. Myles's challenge to the Hammond robbery case is proceeding in Myles v. Warden, 3:19-cv-459-RLM-MGG. The respondent filed the post-conviction hearing transcripts and exhibits only in the later-filed case, but the court takes judicial notice of all public filings in that case. *See* FED. R. CIV. P. 201.

to investigate an alternative suspect; (4) his trial counsel was ineffective in failing to investigate a potential alibi witness named Mary Johnson; (5) his trial counsel was ineffective in failing to challenge "an obvious[ly] defective search warrant"; (6) the post-conviction judge committed "judicial misconduct" and was biased against him; (7) Schererville police violated the "department's policy . . . regarding chain of custody" in their handling of the handcuffs introduced as evidence at trial; (8) his trial counsel was ineffective in failing to suppress "tainted thumb-print and handcuff evidence"; and (9) the prosecutor and trial judge "allowed perjured testimony" from a police officer at trial regarding the officer's procurement of an arrest warrant. (ECF 1 at 3-7.)

## II. ANALYSIS

Mr. Myles's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d).

This standard is "difficult to meet" and "highly deferential." Hoglund v. Neal, 959 F.3d 819, 832 (7th Cir. 2020) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" Hoglund v. Neal, 959 F.3d at 832 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). In effect, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

Before considering the merits of a habeas petition, a court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Hoglund v. Neal,, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. Baldwin v. Reese, 541 U.S. 27, 30-31 (2004); O'Sullivan v. Boerckel, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. O'Sullivan v. Boerckel, 526 U.S. at 848.

5

The companion procedural default doctrine, also rooted in comity concerns, says a federal court can't decide the merits of a claim that was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground, or when the claim wasn't presented to the state courts and the time for doing so has passed. Davila v. Davis, 137 S. Ct. at 2064; Coleman v. Thompson, 501 U.S. 722, 735 (1991). A federal court may consider a defaulted claim if the petitioner establishes both "cause" to excuse his default and "actual prejudice resulting from the alleged constitutional violation." Crutchfield v. Dennison, 910 F.3d 968, 973 (7th Cir. 2018) (citation and internal quotation marks omitted). "Cause is an objective factor external to the defense that impeded the presentation of the claim to the state courts," and only applies to factors that "cannot fairly be attributed to the prisoner." *Id.* (citation and internal quotation marks omitted). With these principles in mind, the court turns to the petition.

In claims one and two, Mr. Myles asserts that his trial counsel was ineffective in failing to investigate the circumstances of his arrest and in failing to have his arrest quashed.

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 16 (2009). To prevail on a Sixth Amendment claim, the petitioner must show that counsel's performance was deficient and

6

that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984).

The central question on the deficiency prong is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices[.]" Harrington v. Richter, 562 U.S. at 105. The court's review of counsel's performance is deferential, and there is an added layer of deference when the claim is raised in a habeas proceeding: "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." Delatorre v. United States, 847 F.3d 837, 845 (7th Cir. 2017). Instead, "[i]t must merely be reasonably competent." *Id.*

Counsel has a "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S at 690-691. The decision whether to investigate must be assessed for reasonableness based on the circumstances known at the time, "applying a heavy measure of deference to counsel's judgments." *Id.* at 691. Counsel is also given significant discretion in selecting a trial strategy. Yu Tian Li v. United States, 648 F.3d 524, 528 (7th Cir. 2011). A federal habeas court considering whether counsel's decisions were reasonable must respect its "limited role in determining whether there was manifest

7

deficiency in light of information then available to counsel." Premo v. Moore, 562 U.S. 115, 125 (2011).

On the prejudice prong, the petitioner must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693. In assessing prejudice under *Strickland*, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel had acted differently." Harrington v. Richter, 562 U.S. at 111. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. If the defendant wanted counsel to raise an argument that itself had no merit, an ineffective assistance claim can't succeed, because "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." Stone v. Farley, 86 F.3d 712, 717 (7th Cir. 1996).

On post-conviction review, the Indiana Court of Appeals considered Mr. Myles's ineffective-assistance claims contained in claims one and two, correctly citing *Strickland* as the governing standard. Myles v. State, 2018 WL 22227880, at *5. The court concluded that Mr. Myles didn't receive ineffective assistance from his trial counsel under the *Strickland* analysis. *Id.* As the state court observed, Mr. Myles's claims are premised on his mistaken belief that police never obtained a warrant for his arrest. The arrest warrant itself wasn't included

in the record, apparently because the warrant was maintained under seal in the court's files because it contained Mr. Myles's social security number. (*See* Myles v. Warden, No. 3:19-cv-459-RLM-MGG, ECF 9-17 at 72-73.) The warrant wasn't part of the record on direct appeal, apparently due to inadvertence. However, at the post-conviction hearing, the state judge noted that the sealed warrant was in the court's file and offered to provide Mr. Myles with a copy of it. For reasons that aren't entirely clear, the record was never perfected to include this document.

Nevertheless, the Indiana Court of Appeals specifically found that Mr. Myles was arrested in his home "pursuant to a warrant." Myles v. State, 2018 WL 2227880, at *5. Mr. Myles hasn't rebutted the presumption that this fact is correct with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). To the contrary, there is ample evidence in the record that he was arrested pursuant to a duly issued warrant. Specifically, the state court docket reflects that police filed a probable cause affidavit in support of Mr. Myles's arrest on January 12, 2007, and that an arrest warrant was issued by a magistrate that same day.[2] (ECF 9-1 at 13.) The magistrate judge's order for the warrant is also included in the record. (Myles v. State, No. 3:19-cv-459-RLM-MGG, ECF 9-15 at 44.) Mr. Myles acknowledges that one of the investigating officers testified at trial to having obtained an arrest warrant. (ECF 10-1 at 13; Trial Tr. at 196.) At the post-

---

[2] Documents before the court reflect that multiple law enforcement agencies were involved in Mr. Myles's arrest: the U.S. Marshal's Service, the Hammond Police Department, the Schererville Police Department, and the Lake County Sheriff's Office. (*See* ECF 10-1 at 2, 6, 7, 9-11, 15-16.)

9

conviction hearing, Mr. Myles's trial counsel testified that he didn't move to quash Mr. Myles's arrest because he saw no basis to do so after investigating the matter; his understanding at the time was that an arrest warrant had been properly issued. (Myles v. State, No. 3:19-cv-459-RLM-MGG, ECF 9-17 at 15-17, 26.) In light of counsel's testimony and the other evidence in the record showing Mr. Myles was arrested pursuant to a duly issued warrant, he hasn't demonstrated that a motion to quash based on the lack of a warrant would have been successful. Stone v. Farley, 86 F.3d at 717. The Indiana Court of Appeals' resolution of claims one and two didn't amount to an unreasonable determination of the facts or an unreasonable application of *Strickland*. These claims are denied.

Mr. Myles argues in claim three that his trial counsel was ineffective in failing to investigate an alternative suspect. He asserts in claim four that his counsel was ineffective in failing to follow up on a potential alibi witness—a friend whose home he claims to have been staying at the day of the robbery. In claim five, Mr. Myles asserts that counsel was ineffective in failing to challenge what he deems to be an "obvious[ly] defective search warrant." (ECF 1 at 5.) The respondent argues that these claims are all procedurally defaulted.

Mr. Myles raised these claims before the Indiana Court of Appeals on post-conviction review, Myles v. State, 2018 WL 2227880, at *6, but he didn't include them in his petition to transfer. He mentioned the alternative suspect and the alibi witness in connection with his judicial bias claim, but he didn't present the Indiana Supreme Court with both the "operative facts and the legal principles

10

that control" his present claim, namely, that his trial counsel was ineffective in failing to investigate these individuals. *See* Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007). His references to the other suspect and the alibi witness are buried in a section labeled, "Misconduct by the Post-Conviction Judge." Because Mr. Myles didn't fairly present these claims in one complete round of state review, they are procedurally defaulted. Mr. Myles's traverse in support of his petition didn't address the respondent's procedural default argument, other than to identify the legal standard for setting aside a default. Therefore, the court can't reach this claim on the merits.

In claim six, Mr. Myles asserts that the post-conviction judge committed "judicial misconduct" and made various errors in the post-conviction proceedings. The respondent argues that this claim is partially procedurally defaulted and otherwise beyond what a federal court can consider on habeas review.

In the Indiana post-conviction proceedings, Mr. Myles asserted various errors by the post-conviction judge, including that she erred in denying his request for counsel, abused her discretion in denying his request for subpoenas, and erred in denying his request for transcripts. Myles v. State, 2018 WL 2227880, at *2. The Indiana Court of Appeals found the subpoena argument waived under state law because it wasn't supported by a cogent argument or citation to authority. *Id.* at *3. A finding of waiver constitutes an adequate and independent state procedural ground that bars federal habeas review. Sturgeon v. Chandler, 552 F.3d 604, 611 (7th Cir. 2009); *see also* Bobo v. Kolb, 969 F.2d

11

391, 399 (7th Cir. 1992) ("A federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of waiver or procedural default.") Mr. Myles doesn't address this issue or provide grounds for excusing his default. As for the remaining grounds, Mr. Myles couched his arguments in terms of violations of state law when he presented them to the Indiana Court of Appeals.[3] State law claims can't be reasserted here, because errors of state law aren't cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The court can't reach this claim on their merits.

Mr. Myles asserts in claim seven that Schererville police officers violated departmental policy in their handling of the handcuffs introduced as evidence at his trial. Likewise, in claim eight, he claims that his trial counsel was ineffective in failing to move to suppress the "tainted thumb-print and handcuff evidence." (ECF 1 at 6.) As the respondent points out, he acknowledges in his petition that he never presented these claims to the Indiana Supreme Court. These claims are are procedurally defaulted because Mr. Myles didn't present them for state court review. Mr. Myles's traverse provides no grounds to excuse that procedural default. In his petition, he stated generally that he didn't present claim seven to the Indiana Supreme Court because he "did not think it was needed since it was a warrantless arrest at my home and a very flawed search warrant." (ECF 1 at

---

[3] Although in the summary of argument section of his state appellate brief Mr. Myles referenced his "due process" rights, the argument section is devoted to the judge's alleged violations of state rules and procedures. (*See* ECF 9-10 at 5, 24-30.) Merely mentioning the term "due process" isn't sufficient to exhaust a federal claim. Chambers v. McCaughtry, 264 F.3d 732, 739 (7th Cir. 2001); *see also* Riggins v. McGinnis, 50 F.3d 492, 494 (7th Cir. 1995) (observing that due process is "such a ductile concept that phrase-dropping is the equivalent of no argument at all").

6.) Similarly, he says he didn't present claim eight "because I thought since it was a warrantless arrest at my home, it would have been a moot issue." (*Id.*) Mr. Myles's personal decision to omit these claims to focus on other claims isn't the type of "external" impediment that would excuse a procedural default. *See* Crutchfield v. Dennison, 910 F.3d 968, 973 (7th Cir. 2018). Because Mr. Myles provides no grounds to set aside his default, the court can't consider these claims on the merits.

In his final claim, Mr. Myles contends that the prosecutor and trial judge knowingly let a police officer commit perjury at trial when he testified that he had obtained a warrant for Mr. Myles's arrest. The respondent argues that this claim is defaulted because Mr. Myles didn't present it to either the Indiana Court of Appeals or the Indiana Supreme Court. On state post-conviction review, Mr. Myles raised a related claim that his trial counsel was ineffective in failing to challenge his arrest based on the alleged lack of a valid warrant, but this involved a different set of operative facts and legal principles than the claim he is raising here. *See* Stevens v. McBride, 489 F.3d at 894. Thus, Mr. Myles didn't fairly present this claim to the state courts.[4] He hasn't provided grounds to set aside his procedural default, so the court can't reach this claim on the merits.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases in which it enters a

---

[4] To the extent he is claiming that the prosecutor and trial judge violated state rules and procedures, such a claim wouldn't present a cognizable basis to grant him federal habeas relief. Estelle v. Gamble, 502 U.S. at 67-68.

final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Myles's claims are procedurally defaulted or otherwise without merit under AEDPA standards. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Myles to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

### III.  CONCLUSION

For the reasons set forth above, the petition (ECF 1) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on October 13, 2020

                                             s/ Robert L. Miller, Jr.
                                             JUDGE
                                             UNITED STATES DISTRICT COURT